Slip Op. 21-40

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NOVOLIPETSK STEEL PUBLIC JOINT STOCK COMPANY and NOVEX TRADING (SWISS) SA,** <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant, <br><br> and <br><br> **NUCOR CORPORATION,** <br><br> Defendant-Intervenor. | Before: Claire R. Kelly, Judge <br><br> Court No. 19-00172 |

## OPINION AND ORDER

[Denying Plaintiffs' motion to alter and amend or reconsider.]

Dated: April 13, 2021

Valerie Ellis, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, D.C., for plaintiffs Novolipetsk Steel Public Joint Stock Company and NOVEX Trading (Swiss) SA.  Also on the briefs was Daniel L. Porter.

Kelly A. Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.  Also on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director.  Of counsel was Daniel J. Calhoun Trial Attorney, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Alan H. Price, Wiley Rein, LLP, of Washington, D.C., for defendant-intervenor Nucor Corporation.  Also on the brief were Cynthia C. Galvez, Christopher B. Weld, and Jeffrey O. Frank.

Kelly, Judge:  Pursuant to U.S. Court of International Trade ("USCIT") Rules 52(b), 54(b), 60, or in the alternative, 59(e), Plaintiffs Novolipetsk Steel Public Joint Stock Company ("NLMK") and NOVEX Trading (Swiss) SA's ("NOVEX") (collectively, "Plaintiffs") move for the court to alter and amend Novolipetsk Steel Pub. Joint Stock Co. v. United States, 44 CIT __, 483 F. Supp. 3d 1281 (2020) ("Novolipetsk").  See Mot. to Alter & Amend Slip Op. 20-170 & Mot. to Stay Judgment, Dec. 30, 2020, ECF No. 58 ("Pls.' Mot.").[1]  Defendant and Defendant-Intervenor Nucor Corporation ("Nucor") oppose.  See Def.'s Resp. Opp'n [Pls.' Mot.], Feb. 3, 2021, ECF No. 61 ("Def.'s Resp."); Def.-Intervenor [Nucor's] Opp'n [Pls.' Mot.], Feb. 3, 2021, ECF No. 62 ("Nucor's Resp.").  For the following reasons, the court denies Plaintiffs' motion.

## BACKGROUND

The court presumes familiarity with the facts of this case as set out in its previous opinion sustaining the U.S. Department of Commerce's ("Commerce") final determination in the 2016–2017 administrative review of the antidumping duty ("ADD") order on certain hot-rolled flat rolled carbon-quality steel products ("HRC") from the Russian Federation ("Russia"), and only sets forth facts relevant to disposition of this motion.  See Novolipetsk, 44 CIT at __, 483 F. Supp. 3d at 1284–85; see also [HRC] from [Russia], 84 Fed. Reg. 38,948 (Dep't Commerce Aug. 8, 2019) (final results and rescission of [ADD] admin. review; 2016–2017) ("Final Results")

---

[1] Pin citations to Plaintiffs' motion reference the document's external pagination, with page one being the proposed order, as the document is not paginated.

and accompanying Issues & Decision Memo. for the [Final Results], A-821-809, (Aug. 2, 2019), ECF No. 21-5 ("Final Decision Memo"). In Novolipetsk, Plaintiffs challenged Commerce's final determination that NLMK's single U.S. sale of subject HRC was not bona-fide, as well as Commerce's resultant decision to rescind the 2016–2017 administrative review, as contrary to law and unsupported by substantial evidence. 44 CIT at __, 483 F. Supp. 3d at 1283–85; see also Compl., Sept. 9, 2019, ECF No. 6; Summons, Sept. 9, 2019, ECF No. 1.

On November 30, 2020, the court sustained Commerce's final determination. See generally Novolipetsk, 44 CIT __, 483 F. Supp. 3d 1281; see also Judgment, Nov. 30, 2020, ECF No. 52. The court held that it is reasonable for Commerce to interpret the statute as authorizing it to disregard transactions that it determines are not bona fide sales in an administrative review, Novolipetsk, 44 CIT at __, 483 F. Supp. 3d at 1286–88, and that Commerce reasonably exercised its discretion to examine the bona fides of NLMK's sale of subject HRC. Id. at __, 483 F. Supp. 3d at 1288–89. Moreover, the court held that Commerce's determination that NLMK's entry is not a bona fide sale was supported by substantial evidence. Id. at __, 483 F. Supp. 3d at 1289–93. Thus, the court sustained Commerce's decision to rescind the 2016–2017 administrative review and explained that the 184.56 percent all-others rate continues to apply to NLMK as a function of their failure to make a bona fide sale. Id. at __, 483 F. Supp. 3d at 1293–94.

On December 30, 2020, Plaintiffs moved to alter and amend <u>Novolipetsk</u> and for a stay of judgment. <u>See generally</u> Pls.' Mot. On January 29, 2021, Plaintiffs filed a notice of appeal of the court's judgment and order in <u>Novolipetsk</u> to the Court of Appeals for the Federal Circuit ("Court of Appeals"). Notice of Appeal, Jan. 29, 2021, ECF No. 60. Defendant and Defendant-Intervenor Nucor replied to Plaintiffs' motion on February 3, 2021. <u>See generally</u> Def.'s Resp.; Nucor's Resp. On February 4, 2021, the Court of Appeals issued an order deactivating the appeal in light of the pending motion, stating that the appeal would be reactivated upon final disposition of Plaintiffs' motion. <u>See</u> Court of Appeals' Order, Feb. 4, 2021, ECF No. 64; <u>see also</u> Court of Appeals' Letter, Feb. 4, 2021, ECF No. 65. On March 1, 2021, after being granted a brief extension of time, Plaintiffs filed a reply in support of their motion to alter and amend. <u>See</u> [Pls.'] Reply Br. Supp. [Pls.' Mot.], Mar. 1, 2021, ECF No. 68 ("Pls.' Reply Br."); <u>see also</u> Order, Feb. 23, 2021, ECF No. 67.

Plaintiffs assert that Counts I and V are relevant to consideration of their motion. <u>See</u> Pls.' Mot. at 3. Count I of Plaintiffs' complaint states "Commerce's refusal to complete an administrative review and calculate an accurate assessment and deposit rate for the sale under review is not in accordance with the law." Compl. at 4–5 (Count I). Count V of Plaintiffs' complaint states "Commerce's assessment of NLMK's entry during the [period of review] at an AFA rate of 184.56 percent is not supported by substantial evidence and not in accordance with law." <u>Id.</u> at 8 (Count V).

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018)[2] and 28 U.S.C. § 1581(c) (2018), which grant the court authority to review actions contesting the final determination in an administrative review of an ADD order.

As a threshold matter, Plaintiffs invoke USCIT Rules 54(b), 59(e), and 60, claiming that "fewer than all[ ] claims" were litigated and that amending the judgment would prevent manifest injustice or correct the court's "oversight or omission." See Pls.' Reply Br. at 2. Entertaining Plaintiffs' construction of their motion when setting forth the applicable standard of review would require the court to accept the premise that Novolipetsk did not adjudicate all of Plaintiffs' claims. The court does not accept that premise. For the reasons set forth below, the court finds that the arguments underlying Plaintiffs' motion fail to articulate a reason to question the validity of the court's judgment based on any of the cited rules. Since Plaintiffs' arguments lack merit either way, for purposes of discussion, the court considers Plaintiffs' arguments in support of their premise and also examines Plaintiffs' motion as a request for reconsideration under USCIT Rule 59.

---

[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

A motion for reconsideration rests within the sound discretion of the court. Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). The court will grant such a motion "to address a fundamental or significant flaw in the original proceeding." USEC, Inc. v. United States, 25 CIT 229, 230, 138 F. Supp. 2d 1335, 1336–37 (2001) (citations omitted).

## DISCUSSION

Plaintiffs argue that the court's opinion does not address Count I in full "because it does not speak to Commerce's statutory obligation to determine assessment rates." Pls.' Mot. at 5. According to Plaintiffs, "Commerce's bona fides findings do not relieve the agency of its statutory obligation to determine the actual margin of dumping for each entry and to calculate an importer-specific assessment rate," and the court's opinion only "speaks to the rate approximating the exporter's selling practices—the cash deposit rate." Id. Moreover, Plaintiffs submit that the court's opinion fails to address Count V of their complaint entirely because it does not speak to "whether imposition of an adverse facts available assessment rate is in accordance with law or . . . whether assessment at a 184.56% rate is supported by substantial evidence." Id. at 6. Defendant and Defendant-Intervenor counter that the court's holding that Commerce has authority to find that a U.S. sale is not bona fide, and to subsequently rescind the administrative review where there are no bona fide sales upon which to calculate a dumping margin, fully addresses Count I. See Def.'s Resp. at 3–4; Nucor's Resp. at 3–4. With respect to Count V, Defendant and

Defendant-Intervenor submit that the court's observation that the 184.56% rate went unchallenged and continues to apply in the absence of a bona-fide U.S. sale addresses Plaintiffs' claim as to whether assessment at a 184.56% all-others rate is reasonable. See Def.'s Resp. at 5; Nucor's Resp. at 3–4. Defendant and Defendant-Intervenor add that the court is under no obligation to explicitly address every aspect of an argument raised by a party. See Def.'s Resp. at 3; Nucor's Resp. at 4 (citation omitted).

Plaintiffs' invocation of USCIT Rules 54(b), 59(e), and 60 in moving for adjudication of all claims, and seeking to prevent manifest injustice or correct the court's oversight or omission, is a veiled attempt to re-litigate issues already addressed in Novolipetsk. First, Novolipetsk's ruling that Commerce lawfully rescinded the review adjudicates Count I, which challenges Commerce's refusal to complete the administrative review and calculate an accurate assessment and deposit rate for the sale under review. Compare Compl. at 4–5 (Count I), with Novolipetsk, 44 CIT at __, 483 F. Supp. 3d at 1286–94. Plaintiffs characterize Novolipetsk as speaking to the cash deposit rate, as opposed to the assessment rate, see Pls.' Mot. at 5, but nowhere does the court purport to limit the scope of its ruling to calculation of either rate. See generally, 44 CIT __, 483 F. Supp. 3d 1281. Rather, Novolipetsk speaks to Commerce's ability to rescind a review where there are no bona fide sales upon which to calculate an accurate dumping margin, which, as Plaintiffs themselves

Court No. 19-00172 Page 8

appear to acknowledge, see Pls. Mot. at 5,[3] would serve the basis for determining company-specific assessment and cash deposit rates. See, e.g., Novolipetsk, 44 CIT at __, 483 F. Supp. 3d at 1288–89. Second, Novolipetsk addresses Count V, which challenges Commerce's assessment of NLMK's entry during the period of review at a rate of 184.56 percent, by ruling that Commerce's rescission was lawful and explaining that Commerce's assessment of NLMK's entry at a rate of 184.56 percent is a function of NLMK's failure to make a bona-fide sale. See 44 CIT at __, 483 F. Supp. 3d at 1293–94. Insofar as Plaintiffs believe that Commerce has an independent

---

[3] Plaintiffs argue that Commerce has a statutory obligation to calculate the actual dumping margin for each entry and to calculate an importer-specific assessment rate. See Pls.' Mot. at 5 (citation omitted). The court's ruling that Commerce need not rely on sales that it finds are not bona fide to calculate a dumping margin addresses the argument. Plaintiffs state that "[i]f it is the Court's ruling that an importer does not have the ability or legal right to 'take steps to eliminate dumping' independent from the rights of the exporter . . . the Opinion should make that clear." Pls.' Reply Br. at 5 (citing Pls.' Opening Br. Supp. 56.2 Mot. J. Agency R. Confidential Version at 48, Feb. 13, 2020, ECF No. 26-1). To the extent that Plaintiffs are trying to suggest that they asserted such sweeping and independent statutory claims on behalf NOVEX, see, e.g., Pls.' Reply Br. at 2–3 & n.1 (asserting that Commerce has a statutory obligation to calculate an assessment rate applicable to the importer that is separate and apart from its obligation to calculate a cash deposit applicable to the exporter, and noting that NOVEX is a separate legal entity that has separate rights under the statute), that suggestion is plainly unsupported by the filings in this case. Neither Counts I nor V mention NOVEX, and mentions of an importer-specific assessment rate in Plaintiffs' opening brief are made in service of Plaintiffs' argument that Commerce acted unlawfully by rescinding its review of NLMK. Novolipetsk squarely answers the question of whether Commerce lawfully rescinded the administrative review of NLMK. The answer is yes. But for the sake of clarifying the matter for Plaintiffs, see Pls.' Reply Br. at 5, any arguments asserted by Plaintiffs seeking to vindicate "separate rights" on behalf of NOVEX were perfunctory at best and thus waived. See id. at 3 n.1; see also Home Prods. Int'l, Inc. v. United States, 36 CIT 665, 673, 837 F. Supp. 2d 1294, 1301 (2012) (citations omitted).

statutory obligation to calculate a company-specific assessment rate even in the absence of any bona-fide U.S. sales, that argument is contemplated and debunked by this court's ruling that Commerce had statutory authority to rescind the review. Moreover, Plaintiffs are incorrect to argue that an AFA rate was applied to Plaintiffs. As stated in the court's opinion:

> Plaintiffs argue that Commerce's decision to rescind the administrative review impermissibly applies AFA to a cooperative respondent. See Pls.' Br. at 52–55. Plaintiffs argument fails because Commerce is simply not applying facts available. See Final Decision Memo at 18. Commerce uses facts available to address a gap in the record evidence when calculating a dumping margin for an exporter or producer. 19 U.S.C. § 1677e(a). Here, Commerce is rescinding the review, and declining to calculate a new dumping margin for NLMK. See Final Decision Memo at 17–18. The consequence is that the 184.56 percent rate continues to apply.

Novolipetsk, 44 CIT at __, 483 F. Supp. 3d at 1293–94. Contrary to Plaintiffs' contentions, the opportunity to challenge the reasonableness of the all-others rate has passed. Compare Pls.' Mot. at 6–9, with Novolipetsk Steel Pub. Joint Stock Co. v. United States, 44 CIT __, 456 F. Supp. 3d 1300 (2020).[4]

Plaintiffs also fail to persuade that the court should grant relief even if their motion is construed as seeking reconsideration. "[A] motion for reconsideration serves as 'a mechanism to correct a significant flaw in the original judgment' by

---

[4] NLMK states that "[i]n the alternative, the Court has the power to grant relief from its judgement issued in 19-194." Pls.' Mot. at 9 n.4 (citing Novolipetsk Steel Pub. Joint Stock Co., 44 CIT __, 456 F. Supp. 3d 1300). If Plaintiffs seek to contest the ruling in Novolipetsk Steel Pub. Joint Stock Co., the proper course of action would have been to file an appeal to the Court of Appeals.

directing the court to review material points of law or fact previously overlooked[.]" RHI Refractories Liaoning Co. v. United States, 35 CIT 130, 131, 752 F. Supp. 2d 1377, 1380 (2011) (quoting United States v. UPS Customhouse Brokerage, Inc., 34 CIT 745, 748, 714 F. Supp. 2d 1296, 1301 (2010)). However, "a court should not disturb its prior decision unless it is 'manifestly erroneous.'" Marvin Furniture (Shanghai) Co. v. United States, 37 CIT 65, 66, 899 F. Supp. 2d 1352, 1353 (2013) (citation omitted). Grounds for finding a prior decision to be "manifestly erroneous" include "an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice." Ford Motor Co. v. United States, 30 CIT 1587, 1588 (2006). A motion for reconsideration, however, is not an opportunity for the losing party "to re-litigate the case or present arguments it previously raised." Totes-Isotoner Corp. v. United States, 32 CIT 1172, 1173, 580 F. Supp. 2d 1371, 1374 (2008).

Plaintiffs fail to present a clear factual or legal error that warrants disturbing the finality of the court's judgment. To the extent that Plaintiffs believe that the rationale underlying this court's ruling—i.e., it is reasonable for Commerce to take steps to ensure that it is calculating a dumping margin that approximates an exporter's selling practices—is inapposite with respect to calculation of a company-specific assessment rate, that position is simply a disagreement with the court's

Court No. 19-00172 Page 11

reasoning, which is insufficient to warrant reconsideration or amendment. Compare Pls.' Mot. at 5–6, with Novolipetsk, 44 CIT at __, 483 F. Supp. 3d at 1287.[5]

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' motion to alter, amend or reconsider is denied.

    /s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:    April 13, 2021
            New York, New York

---

[5] Plaintiffs' arguments that Commerce is required to determine accurate assessment rates under 19 U.S.C. §§ 1673f(b), 1677m(e), and 1675, see Pls.' Mot. at 5–6, are addressed by Novolipetsk's holding that statute is capacious enough to accommodate Commerce's authority to examine the bona fides of U.S. sales and to rescind a review where there are no bona fide sales upon which to calculate a dumping margin. 44 CIT at __, 483 F. Supp. 3d at 1286–88.